**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHARON DENISE SHAW,

Defendant-Appellant.

No. 97-6085
(D.C. No. 96-CR-93)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO, BRORBY,** and **MURPHY**, Circuit Judges.

Edward J. Kumiega, Assistant United States Attorney (Patrick M. Ryan, United States Attorney; Randal A. Sengel, Assistant United States Attorney, with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Frank R. Courbois (Fred L. Staggs with him on the brief), Oklahoma City, Oklahoma, for Defendant-Appellant.

Ms. Sharon Shaw appeals her jury conviction for possession of cocaine

with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  She claims she was

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denied a fair trial by misjoinder of her charge with her codefendants, and the trial court abused its discretion by denying her motions for severance. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On May 13, 1996, Ms. Shaw rented a Lincoln Towne Car in Tulsa, Oklahoma. She then drove the car to her friend Ron Burnett 's house in Oklahoma City. Two days later, Mr. Burnett's cousin, Mr. Wyoma Johnson, borrowed the Lincoln and drove it to Houston, Texas. In Houston, five kilograms of cocaine was placed in the spare tire located in the Lincoln's trunk. As Mr. Johnson drove back to Oklahoma City on May 15, 1996, he was stopped for speeding. After Mr. Johnson failed to produce a rental contract, police seized the Lincoln on behalf of the rental car company. During the search of the vehicle, an officer discovered the cocaine and arrested Mr. Johnson.

Mr. Johnson cooperated with law enforcement authorities by driving the Lincoln back to Mr. Burnett's house with one kilogram of cocaine in the spare tire. Meanwhile, a team of officers set up a videotaped surveillance of Mr. Burnett's house. The videotape shows shortly after Mr. Johnson entered the house, Mr. Burnett and Mr. Johnson walked outside. Mr. Burnett opened the trunk, removed the spare tire and carried it into the house. Ms. Shaw was in the

house at this time. The videotape then depicts Ms. Shaw walking out of the house, opening the driver's door of the Lincoln, and releasing the trunk. Mr. Burnett then wheeled a tire to the rear of the car and placed it in the trunk. Ms. Shaw then drove away.

Not far from Mr. Burnett's house, a patrol car stopped Ms. Shaw. During a pat down search of Ms. Shaw, an officer discovered $500 in Ms. Shaw's bra. In addition, officers found one kilogram of cocaine in one of two spare tires in the trunk. Ms. Shaw was then arrested.

Meanwhile, police arrested Mr. Burnett and Mr. Johnson at Mr. Burnett's house. Inside the house, officers seized drug paraphernalia. Officers also seized firearms and an ice chest containing glassware, zip-lock baggies, crack cocaine and marijuana from a car in Mr. Burnett's garage.

Ms. Shaw was charged in a joint indictment with Mr. Johnson and Mr. Burnett. Count One of the indictment charged Mr. Johnson and Mr. Burnett with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Two charged Ms. Shaw and Mr. Burnett with knowingly and intentionally possessing cocaine with intent to distribute in

violation of 21 U.S.C. § 841(a)(1). Count Three charged Mr. Johnson with interstate travel to facilitate the cocaine enterprise in violation of 21 U.S.C. § 812. Mr. Johnson pleaded guilty to Count Three and testified for the government.

Ms. Shaw and her codefendant, Mr. Burnett, were tried jointly before a jury. The original trial date of July 8, 1996 was continued twice on Ms. Shaw's and Mr. Burnett's motions. On August 19, 1996, Ms. Shaw filed a motion for severance claiming she would be prejudiced by joinder with Mr. Burnett. On August 20, 1996, Ms. Shaw filed a second motion for severance claiming not only prejudice by joinder as in her original motion, but also that Mr. Burnett would exculpate her if the trials were severed. On the first day of trial, August 21, 1996, the district court heard arguments on Ms. Shaw's motions and denied her requests for severance. Mr. Burnett did not testify. However, Mr. Johnson testified Ms. Shaw "was never present where there [were] any drugs." The jury found Ms. Shaw guilty on Count Two and she was sentenced to sixty months imprisonment.

On appeal, Ms. Shaw claims joinder of her possession charge with Mr. Burnett's and Mr. Johnson's conspiracy charge was improper. She also contends she was denied a fair trial by the district court's denial of her motions for

severance. In particular, she alleges the district court erred by denying her the opportunity to examine Mr. Burnett, who would have testified in a separate trial that Ms. Shaw had no knowledge of the drugs in the spare tire or his cocaine conspiracy. She also claims the trial court abused its discretion in admitting evidence against Mr. Burnett that was highly prejudicial to her and would not have been admissible against her in a separate trial.

**Misjoinder**

We first address Ms. Shaw's contention the court misjoined her possession charge with Mr. Burnett's and Mr. Johnson's conspiracy charges under Fed. R. Crim. P. 8(b). We review *de novo* questions of misjoinder under Rule 8. *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir.), *cert. denied*, 116 S. Ct. 87 (1995).

Fed. R. Crim. P. 8(b) permits joinder of two or more defendants in the same indictment if it is alleged "they ... participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." In addition, "[s]uch defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count." Fed. R. Crim. P. 8(b). In the federal system, "[t]here is a preference ... for joint trials of

defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). We construe Rule 8 broadly "to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Morales*, 108 F.3d 1213, 1219 (10th Cir. 1997).

Ms. Shaw was indicted for possession of the same cocaine Mr. Burnett allegedly possessed, and Mr. Burnett and Mr. Johnson allegedly conspired to sell. All codefendants were arrested on the same day for similar drug offenses arising out of overlapping facts. *See Janus Indus.*, 48 F.3d at 1557 (characterizing two different counts in violation of the Drug Abuse Prevention and Control Act of Title 21 as offenses of "similar character"). Although Ms. Shaw is not included in the conspiracy count, Fed. R. Crim. P. 8(b) explicitly states a defendant need not be charged with every count in the indictment. *See also United States v. Green*, 115 F.3d 1479, 1487 (10th Cir. 1997), *petitions for cert. filed*, (U.S. Sep. 2, 1997 & Sep. 14, 1997) (Nos. 97-5829 & 97-6029) (upholding a joint trial concerning robbery and attempted robbery counts against three defendants not charged in every count). Hence, we conclude the joinder of the defendants was proper.

**Motions for Severance**

Ms. Shaw also contends the district court abused its discretion in denying her motions for severance based on (1) her need to call Mr. Burnett, her codefendant, to give exculpatory testimony, and (2) the prejudicial spillover effect of disparaging evidence introduced against Mr. Burnett. We recognize the decision to grant or deny severance is within the trial court's discretion. *Morales*, 108 F.3d at 1219. We will not disturb the district court's decision absent a clear showing of an abuse of discretion. *Id.* To show an abuse of discretion, "the defendant must show actual prejudice resulted from the denial." *Id.*

Under Fed. R. Crim. P. 14, a district court may grant a severance of defendants' trials if it appears the joinder will result in prejudice to a defendant. In ruling on a motion for severance, the district court must "'weigh the prejudice resulting from a joint trial of codefendants against the expense and inconvenience of separate trials.'" *Morales*, 108 F.3d at 1219 (quoting *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989) (internal quotations omitted)). A mere allegation the defendant would have a better chance of acquittal in a separate trial, or a complaint that the "spillover effect" from evidence against a codefendant prejudiced the moving party is insufficient to warrant severance. *Id.* A district court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent

the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Because one of Ms. Shaw's reasons for severance was her need for Mr. Burnett's testimony, in order to prove prejudice, Ms. Shaw must also show she would have called Mr. Burnett at a separate trial, Mr. Burnett would in fact have testified, and his testimony would have been favorable to her. *United States v. Dickey*, 736 F.2d 571, 590 (10th Cir. 1984), *cert. denied*, 469 U.S. 1188 (1985). Furthermore, the following factors are relevant to the district court's decision to sever based on a need for a codefendant's testimony: (1) the significance of the testimony in relation to the defendant's theory of defense; (2) the exculpatory nature and effect of such testimony; (3) the likelihood that the codefendant's testimony would be impeached; (4) the extent of prejudice caused by the absence of the testimony; and (5) the timeliness of the motion. *United States v. McConnell*, 749 F.2d 1441, 1445 (10th Cir. 1984).

Ms. Shaw supported her second motion by alleging Mr. Burnett planned to exercise his Fifth Amendment right to remain silent, but was able to testify and exonerate Ms. Shaw if the trials were severed and Ms. Shaw was tried after Mr. Burnett. She stated Mr. Burnett would testify Ms. Shaw was not aware of the

drugs in the Lincoln.

The court denied her motion on the basis the judicial expedience of a joint trial outweighed any prejudicial effect to Ms. Shaw. In considering her motion, the court further found it untimely since it was filed the eve of Ms. Shaw's trial. The court also was concerned Mr. Burnett might exercise his Fifth Amendment privilege throughout his potential appeal thereby delaying Ms. Shaw's trial further. In addition, as an offset to any potential prejudice against Ms. Shaw, the court recognized Mr. Johnson, a less impeachable witness than Mr. Burnett,[1] intended to testify Ms. Shaw was never present where there were drugs. We agree these circumstances weigh against severance. Thus, we conclude the district court did not abuse its discretion in denying Ms. Shaw's motion.

Finally, Ms. Shaw contends the district court abused its discretion in denying her motions for severance because she was prejudiced by disparaging evidence admitted against Mr. Burnett which could not have been introduced against Ms. Shaw in a separate trial. In particular, she refers to firearms

---

[1] Mr. Burnett had seven prior felony convictions and a prior relationship with Ms. Shaw. Ms. Shaw testified she loved him and they had lived together. (*Id.* at 137.) In comparison, Mr. Johnson had no prior convictions, had served in the military twenty years, and had no prior relationship with Ms. Shaw.

"typically found" in drug arrests introduced as evidence against Mr. Burnett, and of which she had no knowledge. She also claims she was prejudiced by Mr. Johnson's testimony that he had made previous trips for Mr. Burnett, and of which Ms. Shaw had no knowledge. Therefore, Ms. Shaw contends she suffered a "spillover" effect from evidence admitted against Mr. Burnett but not relevant to her case.

As stated above, to be successful in her claim, Ms. Shaw must show actual prejudice. *Morales*, 108 F.3d at 1219. Ms. Shaw failed to make such a showing. First, the firearms were not introduced against Ms. Shaw, or linked to the Lincoln or Ms. Shaw's cocaine possession. Second, Ms. Shaw testified she was unaware of the weapons and no further examination of Ms. Shaw disclosed any evidence to the contrary. The government specifically tied the firearms to Mr. Burnett and his role in the charged conspiracy. Third, we note Ms. Shaw does not claim the court refused to consider giving a limiting instruction as to the relevance of such evidence. This case was uncomplicated, involving two counts and two defendants. *Cf. Zafiro*, 506 U.S. at 539 (noting complex cases with many defendants result in increased risk of prejudice). Consequently, we fail to find any prejudicial effect outweighing the economies of a joint trial.

We also fail to see how Mr. Johnson's testimony concerning his prior trips to Houston for Mr. Burnett could have prejudiced Ms. Shaw to the extent she was denied a fair trial. Any prejudice resulting from Mr. Johnson's testimony to Ms. Shaw also is outweighed by the expediency of a joint trial, considering the fact that Mr. Johnson specifically testified Ms. Shaw was not present where there were any drugs. Furthermore, the record shows the government used Mr. Johnson's testimony against Mr. Burnett to show a conspiracy, not Ms. Shaw. Moreover, there was independent evidence in the record relevant to Ms. Shaw's possession charge. For example, Ms. Shaw was at Mr. Burnett's house when Mr. Johnson delivered the kilogram of cocaine in the spare tire. Police subsequently found drug paraphernalia on the kitchen counter in Mr. Burnett's house. Ms. Shaw opened the trunk for Mr. Burnett who placed the spare tire containing cocaine in the trunk. After police stopped Ms. Shaw, they found one kilogram of cocaine in the trunk of her rental car and $500 in her bra. The district court did not abuse its discretion by denying Ms. Shaw's severance motions under these circumstances.

Accordingly, we **AFFIRM**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge
